NO. 07-04-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 28, 2005

_____

JEREMY LEE WARREN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,148-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jeremy Lee Warren, appeals his conviction for the offense of robbery. Appellant was sentenced to ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

A United Supermarket employee saw appellant reaching into shelving containing sinus medication.  As the employee had recently stocked the sinus medications, she

noticed that most of what she had stocked was missing. Being suspicious of appellant, who was wearing a jacket in early May, the employee reported her observations to management. Appellant was seen leaving the store without paying for anything.

Two members of United's management, Trey Funderburg and David Parker, began following appellant. They observed appellant take off his jacket and attempt to stuff some sinus medication into his pants. The managers asked appellant to come back into the store. Appellant ran from the managers and, upon reaching the other side of an adjacent street, began taunting them. Appellant stated that, since he was off of United's property, the managers could not touch him. At this point, one of the managers told another United employee to phone the police.

The managers crossed the street and began following appellant. They repeatedly asked appellant to return what he had taken. Appellant responded by threatening to fight the managers if they continued to follow him. During the next few minutes, appellant obtained a beer bottle, ran at the managers, and threw the bottle striking Parker. Parker picked up the bottle to keep appellant from reacquiring the weapon. The managers continued to follow appellant who "darted" into a stairwell at a nearby apartment complex. Funderburg went into another stairwell in an attempt to cut off appellant's escape. Parker pursued appellant into the stairwell that he had taken. Upon rounding the corner of the stairwell, appellant charged Parker, knocking the bottle from his hand. A struggle ensued with both appellant and Parker attempting to obtain the bottle. Parker was successful in keeping appellant from the bottle but, during the struggle, appellant grabbed Parker by the shirt and threw him to the ground causing Parker a minor scrape to his elbow. Appellant

2

then walked away. The managers continued to follow appellant until police arrived and arrested appellant.

By two issues, appellant contends that the evidence supporting his conviction was legally and factually insufficient. Specifically, appellant challenges the sufficiency of the evidence that he intentionally, knowingly, or recklessly caused another bodily injury in the course of committing theft, an essential element of the offense of robbery. See TEX. PEN. CODE ANN. §§ 29.01(1), 29.02 (Vernon 2003).[1]

## Standards of Review

Evidence is legally sufficient if, viewing all of the evidence in the light most favorable to the verdict, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. See King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). A conviction will be sustained unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

Evidence is factually sufficient if, viewing all of the evidence in a neutral light, a rational fact finder would be justified in finding the defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be factually insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the

[1]Further reference to provisions of the Texas Penal Code will be by reference to "§ __."

3

verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85.

## Law

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. § 29.02(a)(1). The phrase "in the course of committing theft" is statutorily defined to include conduct that occurs in immediate flight after the attempt or commission of theft. § 29.01(1). However, neither the penal code nor case law defines "immediate flight." Oggletree v. State, 851 S.W.2d 367, 369 (Tex.App.–Houston [1st Dist.] 1993, writ ref'd). Whether bodily injury was caused in the immediate flight from a theft must be determined by comparing the facts of the case with case law addressing the issue. Id.

## Analysis

Appellant does not dispute that he committed theft nor that he injured Parker. However, appellant contends that he did not commit robbery because the bodily injury he caused Parker did not occur in the course of committing theft. Appellant contends that, since he subjectively believed that the managers could not pursue him once he left the store's property, he was not in immediate flight from the commission of the theft when he injured Parker. While appellant presents both legal and factual sufficiency issues, the argument for each issue is identical.

4

We initially note that appellant cites no case law nor provides any substantive argument to support his contention that his subjective belief that there was no reason to flee negates a determination that subsequent bodily injury was caused in immediate flight from a theft. This failure to adequately brief the issues presented precludes us from adequately evaluating these issues. See TEX. R. APP. P. 38.1(h); Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). However, in an abundance of caution, we will address each of appellant's issues.

We construe appellant's sufficiency challenge to contend that appellant's subjective belief that he could not be pursued by the managers negated the essential robbery element that he caused another bodily injury while in immediate flight from the commission of the theft. In Oggletree, the appellant challenged the sufficiency of the evidence supporting his aggravated robbery conviction contending that the bodily injury that he caused upon his return to the scene of the theft was separate and distinct from his immediate flight from the attempted theft. Oggletree, 851 S.W.2d at 369. The court rejected this contention determining instead that, because the appellant had engaged in one continuous criminal episode uninterrupted by intervening circumstances, a rational jury could have found that the appellant caused bodily injury in the immediate flight from the attempted theft. Id. 369-70. Thus, in Oggletree, the appellant's subjective belief that he had successfully fled from the theft prior to his return to the scene of the crime had no bearing on the determination of whether appellant caused another bodily injury in immediate flight from the theft. Based on the reasoning of Oggletree, we are not persuaded by appellant's main argument that

5

his subjective belief negates a determination that he caused another bodily injury in the commission of theft. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Viewing all of the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to enable a rational jury to find, beyond a reasonable doubt, that appellant caused Parker bodily injury while in immediate flight from the theft. See King, 29 S.W.3d at 562. We overrule appellant's first issue.

Further, having rejected appellant's contention regarding the effect of his subjective belief, we conclude that the remaining evidence, when viewed in a neutral light, is not so weak that a rational jury could not have found appellant guilty of robbery beyond a reasonable doubt. Evidence was presented that appellant alternated between walking and running from the pursuing managers, threatened the managers in an attempt to dissuade them from following him, threw a bottle at the managers to halt their pursuit, attempted to evade their pursuit by darting into a stairwell at a nearby apartment complex, and attacked Parker to elude apprehension. We conclude that this evidence is sufficient to establish that appellant acted in one continuous criminal episode uninterrupted by intervening circumstances and, therefore, the jury was rationally justified in concluding that appellant injured Parker while in immediate flight from the theft. We overrule appellant's second issue.

Conclusion

Concluding that the evidence supporting appellant's conviction for robbery was both legally and factually sufficient, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.